ROBERT WISNIEWSKI P.C.
40 Wall Street, Suite 2833
New York, New York 10005
(212) 267-2101
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

MARCO CRIOLLO on behalf of himself and on
behalf of all others similarly situated,

|  |  |
|---|---|
| Plaintiff, | **Docket No.:** |
| -against- | **CLASS ACTION COMPLAINT** |
| NY FINE INTERIORS INC., NY FINE INTERIORS & WOODWORK INC., and DAMIAN CEJNOG, | **JURY TRIAL DEMANDED** |
| Defendants. | |

-------------------------------------------------------------X

Plaintiff Marco Criollo ("Criollo"), on behalf of himself and on behalf of all others

similarly situated, by his attorneys, Robert Wisniewski P.C., as and for his Complaint against

Defendant Damian Cejnog (the "Individual Defendant"), NY Fine Interiors Inc. ("Fine Interiors")

and NY Fine Interiors & Woodwork Inc. ("Interiors and Woodwork") (*collectively* "Corporate

Defendants"), states as follows:

**NATURE OF THE ACTION**

1.       Plaintiff brings this action on behalf of himself and others similarly situated (**Exhibit 1**)

to recover unpaid wages, overtime wages, liquidated damages, interest and reasonable

attorneys' fees and costs under the Fair Labor Standards Act of 1938, as amended (29

U.S.C. § 201 *et seq.*) and the various wage orders promulgated thereunder by the U.S.

Department of Labor and codified at 29 C.F.R. § 500 *et seq.* ("FLSA"), and Articles 6

and 19 of the New York Labor Law and the various wage orders promulgated thereunder

by the New York State Department of Labor and codified at 12 N.Y.C.R.R. §§ 135-146

("New York Labor Law").

**PARTIES, JURISDICTION AND VENUE**

2.    At all relevant times herein, Plaintiff Criollo was and is a resident of the State of New

York, Queens County.

3.    Upon information and belief, at all relevant times herein, Corporate Defendant NY Fine

Interiors Inc. was and is a domestic business corporation duly organized under, and

existing by virtue of, the laws of the State of New York, and having its principal place of

business at 4312 54th Rd., Maspeth, NY 11378.

4.    Upon information and belief, at all relevant times herein, Corporate Defendant NY Fine

Interiors & Woodwork Inc. was and is a domestic business corporation duly organized

under, and existing by virtue of, the laws of the State of New York, and having its

principal place of business at 16353 84th Street, Howard Beach, NY 11414.

5.    Upon information and belief, at all relevant times herein, the Individual Defendant

Damian Cejnog was and is a resident of the State of New York, Queens County.

6.    The Individual Defendant is the owner, member, majority shareholder, officer, director,

and/or manager of each Corporate Defendant, and as one of the ten largest shareholders is

individually responsible for unpaid wages under the New York Business Corporation

Law **(Exhibit 2).**

7.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in

that this action arises under the FLSA.  This Court has jurisdiction over Plaintiff's state

law claims pursuant to 28 U.S.C. §1367 in that they are so related to claims in the action

within the court's original jurisdiction that they form part of the same case or controversy.

8.     Defendants engage in an enterprise whose annual volume of sales made or business done

is not less than $500,000, the activities of which affect interstate commerce in that the

employees of Defendants employ, handle, and sell goods that have been moved in or

produced for interstate commerce (including raw ingredients, prepared food items,

kitchen tools and appliances, cleaning supplies, and other items), and Defendants are thus

employers subject to the jurisdiction of the FLSA.

9.     This Court has personal jurisdiction over the Corporate Defendants because each is

incorporated in the State of New York and has its principal place of business therein.

10.    This Court has personal jurisdiction over the Individual Defendant in that he is a citizen

and resident of New York.

11.    Venue is proper pursuant to 28 U.S.C. § 1391(b), because substantial events giving rise to

Plaintiff's claims occurred in this district, and one or more Defendants reside therein.

## JURY DEMAND

12.    Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

13.    The Corporate Defendants are headquartered in Maspeth, New York and are contractors

engaged in the business of manufacturing and installing upmarket custom-made cabinetry

and woodwork.

14.    In or around the beginning of June 2018, Plaintiff Criollo entered into an oral contract

with Defendants whereby Plaintiff agreed to work as a cabinet maker in Corporate

Defendants' Maspeth shop in exchange for an hourly rate of $30 per hour.

15. Plaintiff Criollo worked for Defendants from the beginning of June 2018 until February 14, 2019.

16. During his employment with Defendants, Criollo regularly worked 6 days a week, Monday through Saturday from 7 AM to 5 PM with a half hour lunch break. In total, Plaintiff regularly worked 57 hours a week for Defendants.

17. In exchange for his work, Criollo was paid bi-weekly through a combination of two checks – one issued by Interiors and Woodwork and falsely reflecting Criollo's pay rate as $14 per hour, and second, issued by Fine Interiors and making up the difference between the fictitious $14 per hour rate and the agreed upon $30 per hour rate. Defendants always issued the second check "to cash" and never included a pay stub.

18. Additionally, for the first month of Criollo's employment, Defendants paid him at a rate of $24 per hour in direct contravention of the parties' oral agreement. Defendants only began to pay Criollo the $30 hourly rate in July 2018 when Criollo threatened to end his employment with the Defendants.

19. Further, despite regularly working over 40 hours per week throughout his employment, Criollo was never compensated at the overtime premium rate of one-and-a-half times his regular rate for the hours in excess of 40 per week.

20. Lastly, Defendants never provided Criollo with the required wage notices, advising Criollo of, among other things, his wage rate, the frequency of wage payments, and the designated pay day.

21. Criollo never agreed to this manner of payment and protested what appeared to him to be

wage violations.

22.   Criollo complained to Defendants about the manner in which he was paid – i.e., that he

was being paid "off the books,"and that he was not being properly compensated for

overtime hours.

23.   Upon information and belief, Defendants improperly compensated their other employees

and failed to provide them with the required wage notices and pay stubs.

24.   As a result, approximately one week after Criollo lodged his last complaint with the

Individual Defendant, he was fired in retaliation for his complaints.

***Defendants' Failure to Pay Proper Wages was Willful***

25.   Defendants as employers have certain statutory obligations towards their employees,

including paying employees for all of the hours they worked, paying the overtime

premium of one-and-a-half times their regular rate for each hour worked in excess of 40

per week, and making, keeping, and preserving proper payroll records.

26.   Defendants were aware of their requirement to pay Plaintiff the overtime premium of

one-and-a-half times his regular rate for each hour worked in excess of 40 per week.

27.   Nevertheless, Defendants failed to pay Plaintiff his proper wage rates, including overtime

wages.

28.   Defendants further willfully disregarded and purposefully evaded record keeping

requirements of the FLSA and New York Labor Law by failing to maintain proper payroll

records by engaging in an elaborate scheme of falsifying Plaintiff's pay rate and issuing a

second "cash check" to Plaintiff.

29.   As such, the various violations of the law which are alleged herein were committed

intentionally and willfully by Defendants.

30.    At a minimum, Defendants failed to take the necessary steps to ascertain their duties with

respect to the payment of wages to their employees.

*Facts Relating to the Defendants' Status as Joint Employers*

31.    At all relevant times herein, each Corporate Defendant was and is controlled by the

Individual Defendant.

32.    At all relevant times herein, the Individual Defendant conducted business as each of the

Corporate Defendants.

33.    At all relevant times herein, the Individual Defendant acted for and on behalf of the

Corporate Defendants, with the power and authority vested in him as the owner, officer,

agent, and employee of the Corporate Defendants, and acted in the course and scope of

their duty and function as owner, agent, employee, and officer of the Corporate

Defendants.

34.    At all relevant times herein, the Individual Defendant directly managed, handled, or was

otherwise ultimately responsible for, the payroll and/or payroll calculations and signing or

issuing checks to Plaintiff.

35.    Each Corporate Defendant was Plaintiff's employer because Plaintiff was paid by each

Corporate Defendant and each Corporate Defendant was benefitted by Plaintiff's work.

36.    The Individual Defendant had control over the conditions of employment of Plaintiff,

including his hiring and firing, his work schedule, the rate and method of payment of his

wages, and the maintenance of his employment records.

37.    At all relevant times herein, the Individual Defendant had operational control over the

Corporate Defendant.

38.    As a matter of economic reality, all Defendants are joint employers of Plaintiff; and, as a

result, all Defendants, individually and collectively, and jointly and severally, are liable

for all claims made herein.

*Facts Relating to Piercing the Corporate Veil*

39.    Upon information and belief, both Corporate Defendants are wholly owned by the

Individual Defendant.

40.    Upon information and belief, in conducting the affairs of the Corporate Defendants, the

Individual Defendant failed to comply with the required corporate formalities, including

recordkeeping, governance requirements, and other formalities.

41.    Upon information and belief, the Individual Defendant used the assets of the Corporate

Defendants as his own and/or otherwise commingled personal assets with the assets of

the Corporate Defendants as well as the assets of Fine Interiors with the assets of Interiors

and Woodwork.

42.    As alleged herein, the Individual Defendant used the Corporate Defendants in order to

circumvent a statute or statutes, or accomplish other wrongful acts or in furtherance of

other wrongful or inequitable purposes.

43.    The Corporate Defendants are alter-egos of the Individual Defendants; and, as will be

established at trial, for the purpose of the claims made by Plaintiff herein, the Corporate

Defendants have no separate legal existence from the Individual Defendant.  As such, the

Corporate Defendants and the Individual Defendant, individually and collectively, and

jointly and severally, are liable for all claims made herein.

## COLLECTIVE ACTION ALLEGATIONS

44.    Plaintiff brings this action on behalf of himself and all other persons who were or are employed by Defendants as cabinet makers and/or carpenters performing similar tasks and performed work, labor and services but did not receive the compensation required by the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq. with respect to their work for Defendants.

45.    Upon information and belief, this class of persons consists of not less than 80 persons.

46.    There are questions of law and fact common to the class specifically whether the employment of the Plaintiff by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq. Only the amount of individual damages sustained by each class member will vary.

47.    Plaintiff and Defendants' other employees are similarly situated insofar as Defendants instituted a policy not to pay their employees proper overtime wages under the FLSA.

48.    Plaintiff brings the first claim for relief herein on behalf of himself individually and all persons similarly situated as a collective action pursuant to the FLSA, with respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of Defendants' violations under the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq.

## CLASS ACTION ALLEGATIONS

49.    Plaintiff brings this action on behalf of himself and all other persons who were or are employed by Defendants as cabinet makers and/or carpenters performing similar tasks

and performed work, labor and services but did not receive the compensation required by the New York Labor Law, and the common law of the State of New York.

50.     Upon information and belief, this class of persons consists of not less than 80 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23 (a)(1).

51.     There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of the Plaintiff and others similarly situated by Defendants is subject to the jurisdiction and the wage and overtime requirements of the New York Labor Law and the common law of New York; whether Plaintiff and employees were covered by the wage notice and paystub requirements of the New York Labor Law; and whether Plaintiff and others similarly situated suffered from Defendants' policy or plan not to pay proper overtime wages. Only the amount of individual damages sustained by each class member will vary.

52.     The claims of the Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

53.     Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of the other members of the class.

54.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

55.     The Plaintiff brings the second, third, fourth, and fifth claims for relief herein on behalf of himself individually and all persons similarly situated as a class action pursuant to

Federal Rule of Civil Procedure 23, in respect to all claims that Plaintiff and all persons

similarly situated have against the Defendants as a result of Defendants' violations under

the New York Labor Law and the common law of the State of New York.

### FIRST CLAIM FOR RELIEF
### (FLSA Against All Defendants)

56.    Plaintiff repeats and realleges each and every previous allegation as if fully set forth

herein.

57.    Plaintiff and other employees of Defendants are persons covered by, and/or intended to

benefit from, the provisions of the FLSA in respect to their work for Defendants.

58.    Pursuant to the FLSA, Plaintiff and others similarly situated were entitled to certain

minimum and overtime wages, which Defendants intentionally and willfully failed to pay

in violation of such laws.

59.    Plaintiff and others similarly situated regularly worked in excess of 40 hours per week for

Defendants, but they did not receive the proper overtime wages to which they were

entitled for all hours worked.

60.    Accordingly, Plaintiff seeks a judgment for unpaid minimum and overtime wages, such

sums to be determined based upon an accounting of the hours worked by, and wages

actually paid to, Plaintiff and others similarly situated, along with an award of liquidated

damages, interest, attorneys' fees, and costs, as provided for by the FLSA.

### [No More Text On This Page]

**SECOND CLAIM FOR RELIEF**
**(Unpaid Wages and Overtime Wages in Violation of NYLL Against All Defendants)**

61.     Plaintiff repeats and realleges each and every previous allegation as if fully set forth

herein.

62.     Plaintiff and others similarly situated are persons covered by, and/or intended to benefit

from, the provisions of the New York Labor Law in respect to their work for Defendants.

63.     Pursuant to the New York Labor Law, Plaintiff and others similarly situated were entitled

to certain regular and overtime wages, which Defendants intentionally and willfully failed

to pay in violation of such laws.

64.     Plaintiff and others similarly situated regularly worked in excess of 40 hours per week for

Defendants, but did not receive the proper wages and overtime wages to which they were

entitled for all hours worked.

65.     Accordingly, Plaintiff seeks a judgment for unpaid minimum and overtime wages, such

sums to be determined based upon an accounting of the hours worked by, and wages

actually paid to, Plaintiff and others similarly situated, along with an award of liquidated

damages, interest, attorneys' fees, and costs, as provided for by the New York Labor Law.

**THIRD CLAIM FOR RELIEF**
**(NYLL Wage Statement Violation Against All Defendants)**

66.     Plaintiff repeats and realleges each and every allegation previously set forth.

67.     Pursuant to New York Labor Law 195.3 and the Wage Order §142-3.8 , employers must

provide an accurate wage statement with each payment of wages. Wage statements must

include, among other information "the dates of work covered by that payment of wages;

name of employee; address and phone number of employer; rate or rates of pay and basis

11

thereof" and, where applicable, the overtime rate of pay.

68.     In violation of the NYLL, Defendants did not furnish Plaintiff and others similarly

        situated with wage statements that show the employee's rate or rates of pay, the number

        of hours worked, or record the proper pay rate for Plaintiffs' overtime hours.

69.     Accordingly, Plaintiff seeks  damages allowed by the statute for himself and others

        similarly situated as well as attorney fees, costs and disbursements.

## FOURTH CLAIM FOR RELIEF
### (NYLL Wage Notice Violation Against All Defendants)

70.     Plaintiff repeats and realleges each and every allegation previously set forth.

71.     New York Labor Law § 195.1 mandates as of January 2011 that  at various statutorily-

        delineated events each employee employed by Defendants receive for signature a Wage

        Notice, which has to contain the following wage information: (i) the basis of the

        employee's wage rates e.g., by the hour, shift, day, week, salary piece commission or

        otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations;

        (iii) whether the employer will claim allowances such as tips, meals, and/or lodging

        against the minimum wage; (iv) the employer's name and any "doing business as" names;

        (v) the employer's address and mailing address, if different; and (vi) the employer's

        telephone number.

72.     Neither Plaintiff nor others similarly situated ever received for signature the Wage Notice

        and never received any other paystubs or documents which might show the information

        required by NYLL § 195.1.

73.     Accordingly, Plaintiff seeks damages allowed by the statute for himself and others

similarly situated as well as attorney fees, costs and disbursements.

## FIFTH CLAIM FOR RELIEF
### (FLSA Retaliation Against All Defedants)

74.    Plaintiff repeats and realleges each and every previous allegation as if fully set forth

herein.

75.    Plaintiff is a person covered by and intended to benefit from the provisions of the FLSA.

76.    On numerous occasions during his employment, Plaintiff complained to Defendants

about the manner in which he was paid and about his  unpaid overtime wages in violation

of the FLSA.

77.    Defendants ignored Plaintiff's complaints, and continued to refuse to pay for every hour

he worked in excess of forty (40) at the overtime premium rate.

78.    After Plaintiff's latest complaint, Defendants fired Plaintiff without providing a reason. In

truth, Plaintiff was fired in retaliation for his wage complaints.

79.    In committing such retaliatory acts, Defendants violated Section 215(a)(3) of the FLSA,

which prohibits the discharge of any employee for complaining about a FLSA violation.

80.    Wherefore, Plaintiff seeks damages, sums to be determined at trial, as well as liquidated

damages, interest, and  reasonable attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF
### (NYLL Retaliation Against All Defendants)

81.    Plaintiff is a person covered by and intended to benefit from the provisions of the NYLL.

82.    On numerous occasions during his employment, Plaintiff complained to Defendants

about the manner in which he was paid and about his unpaid overtime wages in violation

of the NYLL.

83.    Defendants ignored Plaintiff's complaints, and continued to refuse to pay him for every

hour he worked in excess of forty (40) hours at the overtime premium rate.

84.    After Plaintiff's latest complaint, Defendants fired Plaintiff without providing a reason. In

truth, Plaintiff was fired in retaliation for his wage complaints.

85.    In committing such retaliatory acts, Defendants violated Section 215 of the NYLL, which

prohibits the discharge of any employee for complaining about a NYLL violation.

86.    Wherefore, Plaintiff seeks damages, sums to be determined at trial, as well as liquidated

damages, interest, and reasonable attorneys' fees and costs.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and

thereafter Plaintiff demands a trial by jury and judgment against Defendants as follows:

a.    Compensatory damages for himself and the class in an amount to be determined at

trial;

b.    Liquidated damages pursuant to the FLSA and New York Labor Law;

c.    Pre-judgment interest; and

d.    Plaintiff's costs, disbursements and reasonable attorney's fees;

Together with such other and further relief that the Court deems just.

Dated: New York, NY
        October 14, 2019

ROBERT WISNIEWSKI P.C.

By: /s/ Robert Wisniewski
       Robert Wisniewski
       40 Wall Street, Suite 2833
       New York, New York  10005
       Tel.: (212) 267-2101
       *Attorneys for Plaintiff*