ROBERT WISNIEWSKI P.C.
ATTORNEYS-AT-LAW

40 WALL STREET, SUITE 2833 • NEW YORK, NY 10005
TEL: (212) 267-2101 • FAX: (646) 512-5603
WEBSITE: www.rwapc.com

March 21, 2021

Hon. Cheryl L. Pollak, USMJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
　　　*VIA ECF*

Re:    **Criollo v. NY Fine Interiors Inc. et al**
　　　　**Docket No.: 19-cv-05794 (EK) (CLP)**

Dear Judge Pollak,

　　　I represent the Plaintiff in the above-referenced case. I submit this letter motion in support of Plaintiff's request for an award of attorney fees and costs associated with his Motion for a Default Judgment (the "Motion") and for proving proper service of process at the traverse hearing held by this Court over two days. For the reasons that follow, Plaintiff respectfully requests $42,362.50 in attorney fees and $1,464.11 in costs.

　　　In support of this motion for fees and costs, Plaintiff submits a Declaration of Robert Wisniewski, Esq. of even date, his invoice for attorney fees and costs as **Exhibit 1**, and backup documentation for costs as **Exhibit 2**.

*Background*

　　　Plaintiff commenced this action on October 14, 2020.[1] Despite service of the Summons and Complaint on both Corporate Defendants via the Secretary of State of New York, and service on Defendants Cejnog and Interiors & Woodwork on November 7, 2019, Defendants failed to file an Answer or otherwise move with respect to the Complaint. On February 6, 2020, pursuant to Plaintiff's request, the Clerk of this Court noted Entry of Default against all Defendants. On June 1, 2020, Plaintiff filed his Motion. Defendants appeared on June 19, 2020. On August 12, 2020, Defendants filed their opposition to Plaintiff's Motion, arguing, among other things, that Defendants "never received actual knowledge of the summons and complaint." Plaintiff submitted his Reply on August 19, 2020. Thereafter, on August 26, 2020, Defendants sought permission to file a Sur-Reply, a request which this Court granted on December 16, 2020. In another Order of even date, the Court scheduled a traverse hearing on the issue of the adequacy service of process on Defendants. A hearing was held on January 14, 2021 and continued on February 2, 2021. The parties were given three (3) additional weeks to supplement

---

[1] In its R&R at p. 1 this Court mistakenly stated that Plaintiff commenced the instant action on April 17, 2019. In fact, Plaintiff commenced this action on October 14, 2019 – *See* Doc. No. 1.

the record. On March 3, 2021, the Court issued a Report and Recommendation, Doc. No. 54 (the "R&R"), finding that service of process on all Defendants was proper but nonetheless recommending that the default be set aside. Pursuant to the R&R and the Court's text order, dated March 16, 2021, Plaintiff hereby submits his application for fees and costs incurred in making his Motion.

### Relevant Standard

Rule 54(d)(2) provides, in pertinent part, that "a claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). "Unless a statute or a court order provides otherwise, the motion must: … specify the judgment and the statute, rule, or other grounds entitling the movant to the award" and "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B)(ii) and (iii). Whether to award attorney's fees and costs under Rule 54(d) is within the Court's discretion. *See **ARP Films, Inc. v. Marvel Enm't Grp., Inc.**,* 952 F.2d 643, 651 (2d Cir. 1991).

While the general rule is that the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys fee from the loser, under the court's inherent power to supervise and control its own proceedings, an exception to this rule allows a court to require a losing party to pay the prevailing party's reasonable attorneys' fees when the losing party has acted in bad faith, vexatiously, wantonly, or for other untoward reasons. ***Gruntal & Co. v. Co-Net Communs.***, 97 Civ. 9522 (AGS), 1998 U.S. Dist. LEXIS 20231, at *1 (S.D.N.Y. Dec. 29, 1998). This inherent power includes the authority to condition a defendant's relief from default on payment of the opposing party's attorneys' fees and costs incurred in securing the entry of a default. See, e.g., ***United States Fidelity & Guarantee Co. v. Petroleo Brasileiro S.A.***, 220 F.R.D. 404, 407 (S.D.N.Y. 2004); ***Richardson v. Nassau County***, 184 F.R.D. 497, 503-04 (E.D.N.Y. 1999). And a court has the power to award attorney fees and costs to the plaintiff even when it sets aside an entry of default. The purpose of such a condition is to ameliorate any prejudice suffered by the plaintiff and to compensate plaintiff for the defaulting defendant's failure to timely answer the complaint, especially when such a default was the result of negligence or other untoward reasons. ***RLS Assocs. v. United Bank of Kuwait PLC***, 2002 U.S. Dist. LEXIS 1371 at *8 (S.D.N.Y. Jan. 29, 2002) (granting defendant's Rule 55(c) motion to set aside entry of default, but awarding plaintiff fees and costs because defendant was negligent in failing to retain counsel and imposed upon plaintiff "the unnecessary burden of applying for default judgment"); *see also **Powerserve Int'l, Inc. v. Lavi**,* 239 F.3d 508, 515 (2d Cir. 2001) ("In determining whether to exercise its discretion to set aside a default, a district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party." (citation omitted)).

### Discussion

In their grapeshot opposition to Plaintiff's motion for a default judgment, Defendants claimed lack of proper service of process on all Defendants. This Court scheduled a traverse hearing to determine, if the service of process was proper. Following the hearing, held on two

2

separate days, the Court determined that service of process was proper and that it had personal jurisdiction over the defendants to determine that their default should be vacated. *See* R&R.

But it is important to note the manner in which this Court painstakingly deconstructed Defendants' various and sundry claims how they never received the summons and complaint in this matter: "Despite Cejnog's assurance that he did not receive the Summons and Complaint, the record raises doubts as to his claim." R&R at 14. "From the evidence, it appears that Mr. Elgizawy, an experienced process server, went to defendant's Howard Beach residence on November 7, 2019, consistent with his affidavit of service." R&R at 15. "Having considered the testimony of the witnesses, along with photographic evidence demonstrating service, the Court credits the process server's testimony that he actually effected personal service on a woman who answered the door of the house." R&R at 17.

And, finally, this Court delivers to Defendants' a *coup de grace*:

> Moreover, even if Mr. Cejnog never received the copy of the Summons and Complaint that was personally served on his Howard Beach address, it is unclear how defendants failed to receive notice of this lawsuit since the Summons and Complaint were served in a variety of ways and at different locations, not just through personal service at the Howard Beach address. R&R at 17.

Put bluntly, this Court did not believe Defendants' bogus explanations as to how it was possible, despite the numerous ways in which they were served, that Defendants never received a summons and complaint in or about November 2019.

But, as those midnight commercials exclaim, Wait, there is more! With respect to Cejnog's proud testimony as to how shambolic the handling of the mail was at his business location in Maspeth, this Court observed:

> The Court finds it difficult to believe that anyone could successfully operate a business, where presumably the company received other important mail, and allow any of the employees to randomly discard whatever they deemed to be junk mail. **At best it is negligent**. R&R at 18 (emphasis added).

Whether Defendants did not file an answer to Plaintiff's properly served summons and complaint due to cunctation or unbelievable negligence, the fact remains that Plaintiff was forced to have the Clerk of the Court enter default against Defendants and then file a motion for default judgment to rouse Defendants from their inaction. As if having to be bestirred with a default motion were not enough, Defendants then put forth various and sundry -- all of them bogus as the Court found -- explanations as to why they never received proper service of summons and complaint in this matter. Defendants' failed effort to claim lack of service of process was immediately obvious to this Court: "Personal jurisdiction is a necessary prerequisite to entry of a default judgment. If a defendant does not receive service in compliance with Rule 4 of the Federal Rules of Civil Procedure and does not waive formal service, the court lacks personal jurisdiction over the defendant." R&R at 10.

Defendants' dodgy claims and arguments regarding service of process resulted in the Court's having to hold a traverse hearing over a two-day period to consider them. Defendants' actions forced Plaintiff to expend very substantial attorney time and costs to file a motion for default judgment and to appear at the traverse hearing: $42,362.50 in attorney fees and $1,464.11 in costs (including an invoice for $725.00 from ABC Process service for the time expended by Messrs. Brodsky and ElGizawy preparing for and attending the traverse hearing). *See* Declaration of Robert Wisniewski and Exhibits 1 and 2.

This Court should order Defendants to pay Plaintiff's attorney fees and costs related to the motion for default judgment for three reasons. First, it is to compensate Plaintiff because defendant was negligent at best with respect to the summons and complaint and imposed upon plaintiff "the unnecessary burden of applying for default judgment" and having to conduct the traverse hearing. *See **United Bank of Kuwait PLC**,* 2002 U.S. Dist. LEXIS 1371 at *8.

But this Court should also order Defendants to pay Plaintiff's invoice to punish their conduct of advancing claims and arguments that this Court found to be beyond belief and to deter such conduct in the future. The imposition of sanctions is a matter committed to the sound discretion of the District Court. ***Luft v. Crown Publishers, Inc.***, 906 F.2d 862, 865 (2d Cir. 1990) (internal citations omitted). Its purpose is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." ***Valentine v. Museum of Modern Art***, 29 F.3d 47, 49-50 (2d Cir. 1994) (*quoting **Nat'l Hockey League v. Metro. Hockey Club, Inc.**,* 427 U.S. 639, 643 (1976)). At bar, Defendants' claims of not having been served with process despite the numerous ways in which they were served, resulted in two days of hearings and a massive invoice to Plaintiff for attorney fees and costs.

**Conclusion**

Because Defendants' cunctation or negligent conduct forced Plaintiff to file a motion for default judgment and their unbelievable claims of not having been served with process forced this Court to hold a traverse hearing over two days after which this Court determined that Defendants were properly served with process, Plaintiff respectfully requests that this Court award Plaintiff his attorney fees in the amount of $42,362.50 and costs in the amount of $1,464.11 and costs in preparing the motion for default judgment and successfully proving service of process at the traverse hearing.

Respectfully submitted,

*/s/Robert Wisniewski*
Robert Wisniewski

CC:   via ECF
      Karl Silverberg, Esq.
      Counsel for Defendants