UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARCO CRIOLLO,

                Plaintiff,

      -against-

NY FINE INTERIORS INC., *et al.*,

                Defendants.
-----------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
19 CV 5794 (EK) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

      Plaintiff Marco Criollo commenced this action against defendants NY Fine Interiors, Inc. ("NY Fine Interiors"), NY Fine Interiors & Woodwork Inc. ("Interiors & Woodwork") (the "corporate defendants"), and defendant Damian Cejnog (collectively, "defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., Articles 6 and 19 of the New York Labor Law ("NYLL"), and the various wage orders promulgated thereunder and codified at 12 N.Y.C.R.R. §§ 135-146. Plaintiff alleges that defendants failed to pay overtime rates for all hours worked over 40 in a week, failed to provide a wage notice and wage statements in compliance with NYLL §§ 195.1 and 195.3, and terminated plaintiff's employment in retaliation for his complaints about the way that he was paid.

      In the instant motion, plaintiff seeks over $40,000 in attorney's fees and $1,464.11 in costs for the work performed by plaintiff's counsel in connection with his motion for default judgment. For the reasons stated below, the undersigned respectfully recommends that the District Court grant plaintiffs' motion and award plaintiff a total of $34,287.30 in attorney's fees and $1,464.11 in costs for a total award of $35,751.41.

## BACKGROUND

      On October 14, 2019, plaintiff filed his complaint asserting wage and hour claims against

1

the defendant employers. Despite service of the summonses and complaint on the two corporate defendants through service on an agent of the Secretary of State of New York (see ECF Nos. 7, 8), and service on defendant Cejnog and Interiors & Woodwork on November 7, 2019 (see ECF Nos. 9, 10), defendants failed to file an Answer or otherwise move with respect to the Complaint. Accordingly, on February 2, 2020, plaintiff filed a request seeking to have the Clerk enter a default, which was noted on February 6, 2020.

A. Default Judgment Motion

On June 1, 2020, plaintiff filed a motion for default judgment. On June 19, 2020, defendants appeared in this matter through counsel and filed their opposition to the motion for default judgment. (See ECF Nos. 24-26). Defendants asserted that they had not received service of the Summons and Complaint and that they had a meritorious defense to the claims.

Plaintiff's motion was referred to the undersigned and, on January 14, 2021, the Court held a hearing on the issue of the adequacy of service, which was continued on February 2, 2021. (See ECF Nos. 46, 47). Both parties called witnesses during the proceedings and filed supplemental papers after the hearing, the content of which is presumed to be known to the parties. (See R&R[1] at 3-7; see also ECF Nos. 49, 50, 51, 53).

After reviewing the parties' submissions and the evidence presented during the hearing, this Court recommended that plaintiff's default judgment motion be denied, and the default be vacated. (R&R at 3). The undersigned explained that "[t]he main factors for the Court to consider in determining the appropriateness of relieving a party of a default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a

---

[1] Citations to "R&R" refer to this Court's March 3, 2021 Report and Recommendation, ECF No. 54, which was adopted by the district court on March 30, 2021.

meritorious defense is presented." (Id. at 9 (citing Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)). Although the Court found, based on the evidence, that the plaintiff had properly served defendants and defendants' failure to respond to the complaint was "clearly negligent," the undersigned determined that defendants' unresponsiveness had not been willful, that vacating the default would not prejudice the plaintiff, and that defendants had proffered at least a colorable defense. (Id. at 18-23). Thus, this Court recommended denial of plaintiff's motion for default judgment in favor of deciding the case on its merits. (Id. at 23; see Marfia v. T.C. Ziraat Bankasi, New York Branch, 100 F.3d 243, 249 (2d Cir. 1996) (quoting Cody v. Mello, 59 F.3d 13, 15 (2d Cir.1995) (noting that the Second Circuit "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default")); see also Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)).

On March 30, 2021, the Honorable Eric R. Komitee adopted the undersigned's Report and Recommendation in its entirety. (ECF No. 58).

B. Motion for Attorney's Fees

While this Court's Report and Recommendation was pending before Judge Komitee, plaintiff filed the instant motion requesting attorney's fees and costs incurred in connection with the filing of the motion for default judgment. According to plaintiff's counsel, because defendants "advanced all manner of bogus arguments and evidence in support of their claim that they had never been served with process," plaintiff's counsel "had to expend almost 160 hours on wading through affidavits and evidence and responding to them and preparing for and attending" the hearing held in January and February. (Wisniewski Decl.[2] ¶ 14). Moreover,

---

[2] Citations to "Wisniewski Decl." refer to Robert Wisniewski's Declaration in Support of plaintiff's Application for Fees and Costs, which was filed with this Court on March 22, 2021, ECF No. 57.

3

according to plaintiff's counsel, although plaintiff's motion for default judgment was denied, plaintiff was "a prevailing party with [sic] the most important aspect of the Motion—this Court found that service of process was proper on all [d]efendants and found [d]efendants' claims in this regard to be bogus." (Id. ¶ 15). Thus, plaintiff asks the Court to exercise its inherent powers to compensate plaintiff for the costs incurred in seeking a default judgment and to punish defendants for having advanced arguments regarding plaintiff's service of process that this Court rejected. (Pl.'s Mot.[3] at 4).

In response, defendants argue that there is no proof that the defendants ever received the summons and complaint. (Response[4] at 1-2, 3). Moreover, in arguing against fee shifting, defendants emphasize that they responded to plaintiff's motion for default judgment the day that they received it, suggesting that defendants were not acting in bad faith by not responding to the complaint. (Id. at 2). Defendants also contend that plaintiff's request for over $40,000 in accumulated attorney's fees and costs is exorbitant when compared to plaintiff's claim for $13,458 in damages. (Id.) Defendants suggest that these expenses could have been avoided if plaintiff's counsel had called or e-mailed defendants to confirm their receipt of the complaint. (Id.) In addition, defendants assert that much of the work that plaintiff's counsel performed on the motion for default judgment is work that "will inure to plaintiff's benefit in terms of discovery, future motions practice, and trial preparation." (Id. at 2-3).

In reply, plaintiff argues that defendants' claims regarding whether service occurred are untimely, as this Court already resolved that service was proper when reporting on the motion for

---

[3] Citations to "Pl.'s Mot." refer to plaintiff's March 22, 2021 letter motion seeking attorney's fees and costs relating to plaintiff's motion for default judgment, ECF No. 56.

[4] Citations to "Response" refer to defendants' April 8, 2021 letter memorandum in opposition to plaintiff's letter motion, ECF No. 60.

4

default judgment. (Reply[5] at 1-2). Moreover, this Court has already concluded that defendants were negligent in failing to respond to the Complaint; thus, plaintiff contends that defendants' arguments to the contrary should be rejected. (Id. at 3). Plaintiff also notes that counsel was not required to call or e-mail defendants to ensure that they had received the Complaint; plaintiff's only obligation was to comply with the applicable laws governing service of process. (Id. at 2). Plaintiff further disputes defendants' representation that he is only seeking $13,458 in damages, claiming that he seeks $51,311.99 in total damages, and, in any event, "it is well settled that applications for fees and costs in FLSA cases such as the one at bar must be divorced from the amounts claimed as damages." (Id. (citing City of Riverside v. Rivera, 477 U.S. 561, 574 (1986); Allende v. Unitech Design, Inc., 783 F. Supp.2d 509, 511 (S.D.N.Y. 2011)). Finally, plaintiff argues that the defendants have failed to identify what part of the work that plaintiff's counsel performed in relation to the motion for default judgment will inure to plaintiff's benefit going forward in this litigation, and thus, the demand for attorney's fees and costs cannot be reduced on that basis. (Id.)

## DISCUSSION

A. The Court's Inherent Power to Shift Fees and Costs

"It has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court because they are necessary to the exercise of all others.'" Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (quoting United States v. Hudson, 11 U.S. (7 Cranch) 32, 34 (1812)). The exercise of such inherent power is "governed not by rule or statute but by the control

---

[5] Citations to "Reply" refer to plaintiff's April 13, 2021 letter reply in further support of the instant motion, ECF No. 61.

necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962).  A court's inherent powers are at their height when their exercise is necessary to preserve the integrity of the tribunal and the adjudicative process and may be used retroactively to remediate harm or prospectively to prevent it. Toussie v. Allstate Ins. Co., No. 15 CV 5235, 2018 WL 2766140, at *3 (E.D.N.Y. June 8, 2018) (citing Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 136-37 (2004)).  "Because of their very potency," however, "inherent powers must be exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. at 44 (citing Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980)).

      Fee shifting is "ordinarily" inappropriate. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975).  Consummate with its inherent powers, however, a court can shift attorney's fees where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Hirschfeld v. Bd. of Elections in the City of New York, 984 F.2d 35, 40 (2d Cir.1993).  This is a "restrictive[]" standard requiring refusal of requests for attorney's fees absent both clear and convincing evidence that the challenged actions are "entirely without color, and are taken for reasons of harassment or delay or for other improper purposes, and a high degree of specificity in the factual findings" of the *nisi prius* court. Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986) (quoting Dow Chem. Pac. Ltd. v. Rascator Mar. S.A., 782 F.2d 329, 344 (2d Cir. 1986) (internal quotation marks and brackets omitted)); Baker v. Health Mgmt. Sys., Inc., 264 F.3d 144, 149 (2d Cir. 2001), certified question accepted, 96 N.Y.2d 931, 759 N.E.2d 365 (2001), and certified question answered, 98 N.Y.2d 80, 772 N.E.2d 1099 (2002).

      In this Circuit, courts routinely exercise their inherent powers by imposing conditions on the vacatur of an entry of default, including by requiring the defendant to pay the plaintiff's

attorney's fees and costs accrued in relation to the entry of default.  See, e.g., Tatintsian v. Vorotyntsev, No. 16 CV 7203, 2020 WL 2836718, at *3 (S.D.N.Y. June 1, 2020); Filo Promotions, Inc. v. Bathtub Gins, Inc., 311 F. Supp. 3d 645, 647 (S.D.N.Y. 2018); Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 52 (E.D.N.Y. 2008); United States Fidelity and Guaranty Co. v. Petroleo Brasileiro S.A., 220 F.R.D. 404, 407 (S.D.N.Y. 2004); Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 515 (2d Cir. 2001).  An award of attorneys' fees and costs upon vacating an entry of default does not require a finding of willfulness on the part of the defaulting party.  Pall Corp. v. Entegris, Inc., 249 F.R.D. at 52 (citing RLS Assoc., LLC v. The United Bank of Kuwait PLC, No. 1 CV 1290, 2002 WL 122927, at *8 (S.D.N.Y. Jan. 29, 2002)).  Rather, the "power to impose a reasonable condition on the vacatur" allows the Court to balance any "undue prejudice" to the movant against this Circuit's "preference for resolving disputes on the merits," which requires that doubts regarding the entry of default be resolved in favor of the defaulting party.  Powerserve Int'l, Inc. v. Lavi, 239 F.3d at 514, 515; Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95, 96 (2d Cir. 1993).

As this Court determined in its Report and Recommendation regarding plaintiff's default judgment motion, plaintiff properly served the defendants.  In support of his motion for default judgment, plaintiff submitted affidavits of service demonstrating that he served both NY Fine Interiors and Interiors & Woodwork by service upon the Secretary of State of New York, pursuant to Sections 306, 306-A, and 307 of the New York Business Corporation Law.  (Wisniewski Decl. Default J.[6] ¶ 6, Ex. 2).  Plaintiff also submitted an affidavit of service showing that defendant Cejnog was served by substituted service pursuant to CPLR § 308 (2).

---

[6] Citations to "Wisniewski Decl. Default J." refer to the Declaration of Robert Wisniewski, Esq. in Support of Plaintiff's Motion for Default Judgment, dated June 1, 2020, ECF No. 17.

(Id. ¶ 8, Ex. 3). The witnesses that plaintiff called during the default judgment hearing corroborated that the defendants were properly served. (R&R at 14-18). This Court concluded, after "[h]aving considered all of the testimony," that plaintiffs' witnesses were credible. (Id. at 17).

In contrast, the Court found that defendants' claims that service was not properly affected "strain[ed] credulity." (Id. at 17-18). As this Court explained, "it is unclear how defendants failed to receive notice of this lawsuit since the Summons and Complaint were served in a variety of ways and at different locations." (Id. at 17). This Court determined that defendants' failure to answer the complaint was "at best negligent" (id. at 18), and that "defendants were properly served and either had actual notice of this lawsuit or deliberately avoided knowing about it." (Id. at 20).

Despite proper service, defendants failed to appear in this matter until after plaintiff had briefed and filed a motion for default judgment, expending time and resources that would have been unnecessary had defendants responded to pleadings in the first instance. Moreover, because defendants' opposition to plaintiff's default judgment motion hinged on allegations of improper service (see Defs.' Mem. Opp'n Default J., ECF No. 26, at 2-3), plaintiff was obligated to obtain witnesses and prepare for and appear through counsel at a two-day hearing regarding service. (Wisniewski Decl. ¶ 14). In fact, as plaintiff's counsel observes, the bulk of the entries on this case's docket relate to the parties' litigation of the motion for default judgment. (Id. ¶ 15).

Courts in this Circuit have shifted fees where defendants' negligence has resulted in plaintiffs incurring similar expenses. See, e.g., RLS Assocs., LLC. v. United Bank of Kuwait PLC., No. 1 CV 1290, 2002 WL 122927, at *8 (S.D.N.Y. Jan. 29, 2002) (shifting fees where

8

defendant's "negligence in failing to retain counsel to respond to the complaint caused [plaintiff] the unnecessary burden of applying for default judgment"); Kimble v. DGB Trucking, Inc., No. 95 CV 5842, 1996 WL 337292, at *3 (S.D.N.Y. June 19, 1996) (holding that, while defendant's failure to answer the complaint did not rise to the level of willfulness warranting default, "its negligence caused the entry of default in the first place," and therefore, it must "bear the [p]laintiff's costs incurred in opposing" the motion to vacate the entry of default); Bicicletas Windsor, S.A. v. Bicycle Corp. of Am., 783 F. Supp. 781, 788 (S.D.N.Y. 1992) (same).

Moreover, contrary to defendants' argument, plaintiff was not required to attempt to prompt a timely answer from defendants by calling or e-mailing them before seeking an entry of default or default judgment. Plaintiff satisfied his obligation by serving process in accordance with the Federal Rules. Hanna v. Plumer, 380 U.S. 460, 463 n.1 (1965); Bellafaire v. Town of Wfieatfield, No. 18 CV 00560, 2019 WL 2142497, at *2 (W.D.N.Y. May 16, 2019).

Given the Court's finding that defendants were negligent in failing to answer the Complaint, this Court respectfully recommends that defendants be ordered to compensate plaintiff for the reasonable attorney's fees and costs incurred in pursuing default judgment.

B. Attorney's Fees and Costs

In support of plaintiff's request for attorney's fees, plaintiff's counsel has submitted time records "prepared and maintained" by personnel in plaintiff's counsel's firm "in the ordinary course of business at or near the time of the act, condition, or event to which they relate." (Wisniewski Decl. ¶¶ 23, 25; see also Ex. 1 to Wisniewski Decl., ECF No. 57-1). Plaintiff's counsel's time records list the date that work was performed by plaintiff's counsel Robert Wisniewski or a preadmission associate in Mr. Wisniewski's firm, a description of that work, and the hours expended on the work listed in tenths of an hour. (See generally Ex. 1 to

9

Wisniewski Decl., ECF No. 57-1). Plaintiff's counsel has also submitted copies of "invoices, bills, receipts, statements, cancelled checks or other documents evidencing expenses incurred" for the Court's consideration. (Wisniewski Decl. ¶ 24; see also Ex. 2 to Wisniewski Decl., ECF No. 57-2).

Plaintiff requests $41,362.50 in attorney's fees and $1,464.11 in costs incurred as a result of having to file the default judgment motion and establish proper service through a two-day hearing. (See Wisniewski Decl. ¶ 26).[7]

1. Attorney's Fees

    a. Reasonable hourly rate

In assessing whether claimed legal fees are reasonable, the Court must first determine the "presumptively reasonable fee" for an attorney's services. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552-53 (2010); Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008). To calculate the presumptively reasonable fee, a court must determine a reasonable hourly rate for the legal services performed. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany Cty. Bd. of Elections, 522 F.3d at 190. The "prevailing" hourly rate for an attorney of similar experience and expertise in the relevant community determines what constitutes a reasonable hourly rate for the attorney in question. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany Cty. Bd. of Elections, 522 F.3d at 190

---

[7] There is a discrepancy between counsel's Declaration and the plaintiff's letter motion seeking fees. In his letter motion, plaintiff asks for $42,362.50 in attorney's fees—$1,000 more than what is requested in plaintiff's counsel's Declaration. (Pl.'s Mot. at 1). This Court has reviewed plaintiff's counsel's contemporaneous time records, and the amounts listed in that accounting total $41,362.50. Given this fact, this Court assumes that plaintiff's reference to $42,362.50 in his letter motion was in error.

10

(internal brackets and quotation marks omitted); Rudler v. Houslanger & Associates, PLLC, No. 18 CV 7068, 2020 WL 473619, at *3 (E.D.N.Y. Jan. 29, 2020); see also Dacas v. Duhaney, No. 17 CV 3568, 2020 WL 4587343, at *4 (E.D.N.Y. June 18, 2020), report and recommendation adopted, 2020 WL 4586371 (E.D.N.Y. Aug. 10, 2020).  The "relevant community" is the district in which the court sits.  Resnick v. Coulson, No.  2020 WL 5802362, at *3 (E.D.N.Y. Sept. 28, 2020) (quoting Farbotko v. Clinton County, 433 F.3d 204, 208 (2d Cir. 2005)); Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983).

       Plaintiff's counsel claims that his work should be assessed at a rate of $450 per hour and that his preadmission associate's work should be assessed at a rate of $125 per hour, which counsel describes as a "paralegal rate."  (Id. ¶¶ 16, 21).  Plaintiff's counsel justifies the hourly rate that he requests for his work by noting that he is "particularly experienced in wage litigation" and that this is his "exclusive[]" area of practice.  (Id. ¶ 18).  Counsel also attests to having over 25 years of experience litigating cases under the Fair Labor Standards Act and the New York Labor Law, and that, in the course of his decades of practice, he has represented clients in over 400 similar matters.  (Id.)  Counsel lists cases in which he has acted as class counsel and other cases in which he has received positive dispositions from the Second Circuit.  (Id. ¶¶ 18-20).  Moreover, counsel cites cases in which courts have approved identical, or nearly identical, rates on his behalf.  (Id. ¶ 21 (citing Chapman-Green v. Icahn House W. LLC, No. 11 CV 1190, 2013 WL 658245, at *2 (S.D.N.Y. Feb. 21, 2013) (finding Mr. Wisniewski's claimed rate of $445 per hour "entirely reasonable"); Cereba v. Home Improvement Experts, Inc., E.D.N.Y. Docket 09 CV 2444 (SJF), Doc. No. 31 (finding defendants' request for $350 per hour until March 1, 2011, and $450 per hour thereafter reasonable)).

The Court's knowledge of the rates generally charged in this district for work in connection with cases brought under the Fair Labor Standards Act and New York Labor Laws corroborates Mr. Wisniewski's requested rate. Indeed, rates for this type of work performed by senior partners usually range from $300 to $450 per hour. See, e.g., De la Cruz Casarrubias v. Surf Ave Wine & Liquor Inc., No. 20 CV 3003, 2021 WL 2227977, at *11 (E.D.N.Y. May 11, 2021), report and recommendation adopted, No. 20 CV 3003, 2021 WL 2223275 (E.D.N.Y. June 2, 2021) (quoting Miranda v. Astoria Provisions, LLC, 19 CV 02923, 2020 WL 6370058, at *10 (E.D.N.Y. July 24, 2020)); Argonaut Ins. Co. v. Manetta Enterprises, Inc., No. 19 CV 482, 2021 WL 170832, at *3 (E.D.N.Y. Jan. 19, 2021); Torres v. Jin Xiang Trading Inc., No. 17 CV 2866, 2020 WL 9814080, at *11 (E.D.N.Y. Mar. 12, 2020). Thus, given counsel's extensive experience in this area of law, this Court finds that plaintiff's counsel's request for $450 per hour for the work that he performed is reasonable.

However, the Court finds that the $125 per hour rate requested for the preadmission associate is high. $75 to $90 per hour is the usual rate for work done by paralegals or preadmission associates, not $125 per hour. Thompson v. Hyun Suk Park, No. 18 CV 0006, 2020 WL 5822455, at *12 (E.D.N.Y. Sept. 1, 2020), report and recommendation adopted, No. 18 CV 00006, 2020 WL 5820547 (E.D.N.Y. Sept. 30, 2020) (recommending that support staff be awarded a rate of $85 per hour); Payamps v. M & M Convenience Deli & Grocery Corp., No. 16 CV 4895, 2019 WL 8381264, at *16 (E.D.N.Y. Dec. 9, 2019); Kliger v. Liberty Saverite Supermarket Inc., No. 17 CV 02520, 2018 WL 4782342, at *10 (E.D.N.Y. Sept. 17, 2018), report and recommendation adopted as modified, No. 17 CV 02520, 2018 WL 4783964 (E.D.N.Y. Oct. 3, 2018) (noting that "[p]aralegals and preadmission associates typically receive an hourly rate of $75 in this district for these types of cases."); Tarazona v. Rotana Cafe & Rest.

12

Inc., No. 16 CV 76, 2017 WL 2788787, at *2 (E.D.N.Y. June 27, 2017) (reducing a requested hourly rate of $125 to $75 an hour for a paralegal who had been working in the office since 2007); Blue Moon Media Grp., Inc. v. Field, No. CV 08-1000 DRH AKT, 2011 WL 4056068, at *13 (E.D.N.Y. Apr. 11, 2011), report and recommendation adopted, No. 08 CV 1000 DRH AKT, 2011 WL 4056088 (E.D.N.Y. Sept. 12, 2011) (recommending that the rate charged by a paralegal be reduced to $90).

Although counsel's preadmission associate performed legal research and contributed to drafting legal documents, much of the work performed by the preadmission associate was ministerial and administrative. For example, the preadmission associate prepared documents for mailing or filing on ECF, relayed messages from plaintiff's counsel and basic information about the case to the plaintiff by phone or text, and corresponded by e-mail with opposing counsel and third parties. (See generally Ex. 1 to Wisniewski Decl., ECF No. 57-1).

Plaintiff's counsel has failed to indicate any reason why his preadmission associate should command a higher fee than is usually assessed for similar work in this district. Therefore, this Court respectfully recommends that the rate requested for plaintiff's counsel's preadmission associate be reduced from $125 to $90 an hour.

      b.  Excessive time

This Court now turns to analyzing whether the hours for which plaintiff's counsel requests compensation are reasonable. LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 764 (2d Cir. 1998); Hensley v. Eckerhart, 461 U.S. 424, 436 (1983). Plaintiff seeks compensation for 66 hours allegedly worked by Mr. Wisniewski and 93.3 hours allegedly worked by his preadmission associate, for a combined total of 159.3 hours. (See generally Ex. 1 to Wisniewski Decl., ECF No. 57-1).

13

In determining the number of hours reasonably expended plaintiff's counsel in this case, the Court must consider both "contemporaneous time records . . . [that] specify, for each attorney, the date, hours expended, and nature of the work done," New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir.1983), as well as "its own familiarity with the case and its experience generally as well as . . . the evidentiary submissions and arguments of the parties." Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir.1992) (internal quotation marks and citation omitted). It is within the court's discretion to "trim fat" by reducing the total number of hours that plaintiff's counsel claims to have been spent. Dancy v. McGinley, 141 F. Supp. 3d 231, 239 (S.D.N.Y. 2015) (citing Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y.1992) (citations omitted)). Courts may reduce the fee award requested in some circumstances, such as when plaintiffs submit deficient or incomplete billing records, see Hensley, 461 U.S. at 437 n. 12; New York State Ass'n for Retarded Child., Inc. v. Carey, 711 F.2d at 1147-48, or to exclude "excessive, redundant, or otherwise unnecessary hours." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir.1999); Marisol A. ex rel. Forbes v. Giuliani, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000).

Having reviewed the billing records submitted by plaintiff's counsel, the Court finds that counsel's documented time is excessive. Specifically, plaintiff's counsel lists a total of one hour spent on May 17, 2020 researching whether LexisNexis provides Westlaw citations and drafting a letter to District Judge Komitee requesting to be exempted from providing Westlaw citations, which Judge Komitee requires under his individual rules of practice. (See Ex. 1 to Wisniewski Decl. at 3, ECF No. 57-1; see also May 17, 2020 Ltr., ECF No. 15). Judge Komitee granted counsel's request on May 19, 2020. Although counsel presumably filed his letter in anticipation of drafting the motion for default judgment, Judge Komitee's Order relieved counsel from

14

having to supply Westlaw citations for the duration of this case, and thus this work cannot be fairly attributed to defendants' default and should be excluded from the award of attorney's fees.

In addition, between July 13, 2020 and August 7, 2020, counsel spent a total of two and a half (2.5) hours discussing settlement with defendants, relaying defendants' offers to plaintiff, and drafting e-mails rejecting defendants' offers. (See Ex. 1 to Wisniewski Decl. at 4-5, ECF No. 57-1). Counsel's preadmission associate also spent 12 minutes (.2 hours) communicating with plaintiff regarding the possibility of settlement. This work is likewise not properly attributed to defendants' default.

Moreover, plaintiff's counsel claims that his preadmission associate spent over seven hours posting plaintiff's motion for default judgment on ECF and "preparing" courtesy copies for the Court. (Ex. 1 to Wisniewski Decl at 4, ECF No. 57-1). It is difficult to imagine what was so involved in this process that it took the preadmission associate more than seven hours to complete. This is especially so given that it only took the associate an hour and a half to prepare and mail courtesy copies of the plaintiff's reply to the Court. (Id. at 5).

Furthermore, some of counsel's entries lack specificity, and leave the Court guessing at the actual amount of time counsel or his associate spent on individual tasks and what, exactly, those tasks were. For example, plaintiff's counsel notes that his preadmission associate spent five hours on April 20, 2020 advising plaintiff that he would "be needed for Motion for Default Judgment" [sic], scheduling another time to speak with plaintiff, and "continuing work" on the motion for summary judgment. (Id. at 1). Another example is an entry on May 16, 2020 relating to almost two hours spent during which counsel "review[ed] and revise[d]" a declaration submitted with the motion for summary judgment and "issu[ed] further instructions to the paralegal." (Id. at 2). It is impossible to tell from these entries exactly what tasks were

15

performed, and how much time each listed task took. Marisol A. ex rel. Forbes v. Giuliani, 111 F. Supp. 2d 381, 397 (S.D.N.Y. 2000) (holding that "[i]f the time records lack such specificity that the court is unable to determine a proper fee allocation, then plaintiffs' fee recovery may be reduced"); see also Ragin v. Harry Macklowe Real Estate Co., 870 F.Supp. 510, 520 (S.D.N.Y.1994) (reducing fees where time entries contained such vague entries as "research for brief," "research and draft brief," and "draft and edit brief").

Given that plaintiff's counsel has in some instances listed excessive amounts of time and has provided only vague descriptions of the work performed, this Court respectfully recommends that plaintiff's counsel's fee request be reduced by 10%. United States Football League v. National Football League, 887 F.2d 408, 415 (2d Cir. 1989); see also Marisol A. ex rel. Forbes v. Giuliani, 111 F. Supp. 2d at 389 (citing In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987) (stating that "the district court has the authority to make across-the-board percentage cuts in hours 'as a practical means of trimming fat from a fee application.'"); New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d at 1146).

This Court therefore respectfully recommends that the District Court award plaintiff attorney's fee in the amount of $450 per hour for the 66 hours of work performed by plaintiff's counsel, and $90 per hour for the 93.3 hours of work done by plaintiff's counsel's preadmission associate for a total of $38,097 in attorney's fees. That fee should then be reduced by 10% to $34,287.30.

2. Costs

Plaintiff requests $1,464.11 in costs associated with defendants' default. (See Ex. 1 to Wisniewski Decl. at 9, ECF No. 57-1). This total includes $57.75 spent on photocopies; $5.80 for court services; $308 for work performed by plaintiff's accountant; $308.24 spent on legal

research; $59.32 for postage; and $725 to retrieve documents from the company that served defendants and for the appearance of individuals from that company at the hearing on the default judgment motion. (see Ex. 1 to Wisniewski Decl. at 9, ECF No. 57-1; see also Ex. 2 to Wisniewski Decl., ECF No. 57-2). Plaintiff's counsel has provided receipts and invoices for each alleged cost. (See generally Ex. 2 to Wisniewski Decl., ECF No. 57-2).

District Courts may award costs other than attorney's fees. United States of America for Use & Benefit of Evergreen Pipeline Const. Co. v. Merritt Meridian Const. Corp., 95 F.3d 153, 171 (2d Cir. 1996) (citing Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 441–42, 107 S. Ct. 2494, 2497, 96 L. Ed. 2d 385 (1987)); Fed. R. Civ. P. 54(d)(1). Congress has enumerated a list of compensable costs, which includes the following:

1) Fees of the clerk and marshal;

2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3) Fees and disbursements for printing and witnesses;

4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

5) Docket fees;

6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.

28 U.S.C. § 1920.

The list of compensable costs is not exclusive and just because a specific type of cost is omitted from 28 U.S.C. § 1920 does not necessarily mean that it is not subject to recovery. Swift v. Blum, 502 F. Supp. 1140, 1148 (S.D.N.Y.1980). Numerous courts have granted costs for "all incidental and necessary expenses incurred in furnishing effective and competent representation." Id. (citation omitted). "Identifiable, out-of-pocket disbursements for items

such as photocopying, travel, and telephone costs" are typically compensable. <u>Kuzma v. Internal Revenue Serv.</u>, 821 F.2d 930, 933–34 (2d Cir.1987); <u>see also</u> <u>Duke v. County of Nassau</u>, No. 97 CV 1495, 2003 WL 23315463, at *6 (E.D.N.Y. Apr. 14, 2003) (holding that "[c]ourts have continuously recognized the right for reimbursement of costs such as photocopying, postage [and] transportation"). The Second Circuit has also suggested that computer legal research costs, such as charges for Westlaw or LexisNexis, may be recovered. <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 369 F.3d at 98 (holding that charges for online research "may properly be included in a fee award" because "the use of online services likely reduces the number of hours required for an attorney's manual search"); <u>see also</u> <u>Cheesecake Factory Assets Co. LLC v. Philadelphia Cheese Steak Factory, Inc.</u>, No. 05 CV 3243, 2008 WL 2510601, at *6 (E.D.N.Y. June 20, 2008) (holding that "[p]ost-<u>Arbor Hill</u> decisions in this district have allowed reimbursement for computerized research"); <u>Davis v. New York City Housing Auth.</u>, No. 90 CV 628, No. 92 CV 4873, 2002 WL 31748586 at *13 (S.D.N.Y. Dec.6, 2002).

This Court finds that all of plaintiff's costs are compensable and properly attributed to defendants' default. Therefore, the undersigned respectfully recommends that plaintiff be awarded $1,464.11 in costs, in addition to $34,287.30 in attorney's fees.

This Court rejects defendants' argument that plaintiff's award for attorney's fees and costs should be further reduced as excessive because the fee award is greater than the damages sought. Proportionality between the damages sought in an FLSA action and attorney's fees is not required in cases that "encourage[] the vindication of Congressionally identified policies and rights[,]" such as this. <u>Allende v. Unitech Design, Inc.</u>, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011) (citing <u>Tucker v. City of N.Y.</u>, 704 F. Supp. 2d 347, 359 n. 10 (S.D.N.Y. 2010)); <u>Summa</u>

18

v. Hofstra Univ., No. CV 073307, 2012 WL 13046732, at *4 (E.D.N.Y. Feb. 22, 2012). Moreover, as plaintiff observes, his actual request for damages totals $51,311.99, as evidenced by the accountant's affidavit filed in support of his motion for default judgment, not the $13,458 as defendants claim. (Decl. Dorota Jankowska at 5, attached as Ex. 6 to Wisniewski Decl. Default J.).

## CONCLUSION

This Court respectfully recommends that the District Court exercise its inherent powers, grant plaintiff's motion for attorney's fees and costs, and Order defendant to pay $34,287.30 in attorney's fees and $1,464.11 in costs for a total of $35,751.41.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
November 2, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York

19