```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

MARCO CRIOLLO,

                    Plaintiff,                 MEMORANDUM & ORDER
                                               19-CV-5794(EK)(CLP)
          -against-

NY FINE INTERIORS INC., NY FINE
INTERIORS & WOODWORK INC., and DAMIEN
CEJNOG,

                    Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        The Court has received Magistrate Judge Pollak's Report and Recommendation (R&R) dated November 2, 2021.  ECF No. 65.  Judge Pollak recommends (1) granting plaintiff Marco Criollo's motion for attorney's fees and costs and (2) ordering Defendants to pay a total of $34,287.30 in attorney's fees and $1,464.11 in costs.  Defendants timely objected, ECF No. 66, and Plaintiff responded, ECF No. 71.

        A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court reviews de novo those portions of an R&R to which a party has specifically objected.  *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies

the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014).

Having conducted a *de novo* review of the R&R, I find no error and adopt it in its entirety.

I add one observation as I do so: as Judge Pollak noted, this Court has the "inherent power" to shift attorney's fees where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Hirschfeld v. Bd. Of Elections in City of N.Y.*, 984 F.2d 35, 40 (2d Cir. 1993). But Judge Pollak found that the Defendants' failure to respond was negligent, not willful. R&R 3. Thus, the shifting of attorney's fees is difficult to justify as an exercise of this aspect of the Court's inherent power.

Separately, however, district courts also have the inherent power to place conditions on the vacatur of default. *See Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 515 (2d Cir. 2001) ("[A] district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party."). This is because Federal Rule of Civil Procedure 55(c) allows a court to "set aside an entry of default for good cause." Under Second Circuit precedent, the "good cause" inquiry is guided by three factors: "(1) whether the default was willful; (2) whether setting aside

2

the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). The second factor gives rise to the power to set conditions on a vacatur of default. Specifically, the condition that a defendant absorb a plaintiff's out-of-pocket fees and expenses has the effect of mitigating — at least in part — the prejudice that might otherwise inhibit the vacatur. *See generally Powerserve Int'l*, 239 F.3d at 515 (quoting 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2700, at 170-71 (1998)) ("The imposition of conditions as part of granting a Rule 55(c) motion can be used to rectify any prejudice suffered by the nondefaulting party as a result of the default and the subsequent reopening of the litigation."). Thus, despite the finding that Defendants' nonresponsiveness was not willful, the conditions recommended by Judge Pollak remain appropriate.

        For the reasons set forth above and in Judge Pollak's R&R, the R&R is adopted in its entirety. Plaintiff's motion for

fees and costs is granted, and Defendants are ordered to pay $35,371.41 in attorney's fees and costs to Plaintiff.

       SO ORDERED.

                                       /s/ Eric Komitee  
                                      ERIC KOMITEE  
                                      United States District Judge

Dated:     February 7, 2022  
            Brooklyn, New York